STATE *ex relat.* WILLARD B. TANNER, Assistant Attorney General, *vs.* HOWARD B. PERRY, Town Clerk of the Town of South Kingstown.

In Pub. Stat. R. I. cap. 10, § 27, the provision "whenever in case of a failure to elect at the annual meeting or any adjournment thereof the office shall become or be vacant," does not apply generally to cases of failure to elect, but to cases of vacancies not provided for by the constitution of the State ; *e. g.*, a vacancy when there is no incumbent to continue to hold the office. Constitution R. I. Art. 8, § 1.

Constitution R. I. Art. 8, § 5, applies to common town meetings, and requires all adjourned elections to be within seven days of the first elective meeting.. It does not apply to towns divided into voting districts.

The purpose of this section is to prevent continued and fruitless elective contests, by allowing the application of Art. 8, § 1.

Hence, when an election has taken place and the person elected refuses, dies, resigns or removes from the State, or there is a failure to elect, with no incumbent to hold over, cases arise outside of Art. 8, § 5, which under Art. 8, § 9, may be provided for by statute.

In South Kingstown, a town divided into voting districts, there was a simple
   failure to elect a senator and representatives, not complicated by the lack of
   incumbents to hold over.
*Held*, that the case fell under the special statute relative to the town, not under
   Pub. Stat. R. I. cap. 10, § 27.

PETITION for a writ of *Mandamus.* On demurrer to the
petition.

*Providence, May* 16, 1893. STINESS, J. The annual elec-
tion for a senator and representative in the town of South
Kingstown having failed, we are asked to issue a writ of
*mandamus* to the town clerk to call another election, under
Pub. Stat. R. I. cap. 10, § 27[1].

This section provides, among other things, that whenever,
in case of a failure to elect, the office shall become or be
vacant, the town clerk shall forthwith issue his warrant for
an election to fill such vacancy. The argument is that Art.
VIII. § 5[2], of the Constitution, which limits the time for
choosing senators and representatives to a time not exceeding
seven days from the first meeting, only applies to adjourn-
ments of the annual town meeting and does not apply to the
calling of a new meeting after that time ; that a failure to
elect creates a vacancy and that the statute, in such case,
makes it the duty of the town clerk to issue a call. We do
not think this is so.

---

[1] As follows :

SEC. 27. Whenever any person elected senator or representative shall, at any
time between his election and the expiration of his term, refuse to serve, and
shall declare the same to the town clerk of the town for which he is elected, or
shall die, resign, or remove out of the state, or whenever, in case of a failure to
elect at the annual meeting, or any adjournment thereof, the office shall become
or be vacant, the town clerk shall forthwith issue his warrant for an election to
fill such vacancy, unless a special election for that purpose shall be ordered by
the house in which the vacancy may occur.

[2] As follows :

SEC. 5. The ballots for senators and representatives in the several towns
shall, in each case, after the polls are declared to be closed, be counted by the
moderator, who shall announce the result, and the clerk shall give certificates to
the persons elected. If, in any case, there be no election, the polls may be
reopened, and the like proceedings shall be had until an election shall take place :
*Provided*, however, that an adjournment or adjournments of the election may be
made to a time not exceeding seven days from the first meeting.

This statute is general in its terms and applicable alike to all towns. But if it is to be taken to include all cases of failure to elect it is clearly in conflict with said article of the Constitution ; as intimated in our recent opinion to the Governor : *In re the North Smithfield Election, infra.*

While it is true that Art. VIII. § 5, can only apply to the common town meeting, still, as to towns which hold elections in that way, the direction is very explicit that all adjournments of the *election* are not to exceed seven days from the first meeting. To hold that this direction only relates to adjournments of the annual meeting for seven days, and that after such time elections may be held without limit, would practically efface the entire provision and would be quite inconsistent with its plain purpose. The general understanding of the section, as shown by the practice under it, which is matter of common knowledge with those familiar with the political history of the State, has been contrary to such a view. A closer inspection of the statutory clause in question shows that there may be cases to which it can apply and that a conflict with the Constitution is apparent only, rather than real, when its special limitations are carefully considered ; and these limitations depend upon what constitutes a vacancy. Art. VIII. § 1 of the Constitution provides that senators and representatives shall hold their offices "until others are legally chosen and duly qualified to fill their places." When the time limited for elections has expired without a choice, no one is or can be "legally chosen" to fill the place and so the incumbent holds the office for the succeeding term. The office, therefore, is not and does not become vacant. The provision in the statute is not for cases of non election generally, but only for cases whereby "the office shall become or be vacant." The event which will warrant action under it must be a failure to elect under such circumstances as to create a vacancy outside of the provisions of the Constitution. In other words it must be a vacancy where there is no incumbent to continue to hold the office. The research of the counsel for the respondent has disclosed the occasion for the passage of the clause under consideration, as an amend-

ment to the statute as it then existed, which at once reveals its purpose and scope and illustrates the rare cases to which it may apply.   The amendment was passed in April, 1875, following the first annual election after the division of the town of North Providence.   A part of the town had been annexed to Providence and a part to Pawtucket.   The representation had been redistributed, giving six representatives to Pawtucket in place of two which it had before.   At the annual election there was a failure to elect the fifth representative from Pawtucket.   As the office had never existed before there was no incumbent to hold the office for the ensuing year, and so there was a vacancy.   It was a case outside of the provisions of the Constitution and made a clear vacancy which could be filled under Section 9[1] of Article VIII. In the present case it is not claimed that the offices are vacant, otherwise than by a failure to elect, which, as we have seen, does not of itself create a vacancy in the office.   Under Section 5 of Art. VIII. in towns not divided into voting districts, a failure to elect within seven days results in continuing the incumbent in the office.   As stated in our opinion *In re the Narragansett Election*, 16 R. I. 761, affirmed in *State v. Town Council of South Kingstown, ante p.* 258, the General Assembly may otherwise provide, as to the time of election, in towns which are divided into voting districts ;  and when such provisions are exhausted, then, again, the incumbent holds over under the first section of Art. VIII. and there is no vacancy in the office.   Section 27 of the statute, above referred to, provides for two other cases, namely :  one where there has been an election but a prospective vacancy, or vacancy in the membership elect, is caused by death or otherwise ;  and one where there has been a failure to elect and an actual vacancy exists for want of an incumbent to hold the office.   Neither of these two cases are within the scope of Art. VIII. § 5, the purpose of which is, so far as it

---

[1] As follows :

SEC. 9.   Vacancies from any other cause in the senate or house of representatives may be filled by a new election. .

applies, to put an end to protracted and fruitless struggles by continuing the tenure of the last person on whom the electors have been able to agree, under section 1 of the article. The cases provided for by the statutes are covered by section 9 of the same article, providing for filling vacancies in the senate or house of representatives by a new election ; the word "vacancies" being there used, in the sense of prospective as well as actual vacancies, as shown by the use of the word in other sections of the article and the continuous and unquestioned practice under it since the adoption of the Constitution. *In re the North Smithfield Election, infra.* While an incumbent is still, even in these cases, entitled to hold the office until the qualification of his successor, the same reason for placing a limit to the time of the election or for refusing a new trial, does not apply ; because in what we have termed prospective vacancies, or vacancies with reference to the membership elect, persons have been "legally chosen," but they cannot become "duly qualified ;" and in actual vacancies there is nobody to hold the office. In the former case an intention to fill the office has been shown by an election, which has failed by the happening of some event and not by a mere failure to elect. In the other case the failure to elect has left the office vacant for want of an incumbent to hold it.

As these cases are not embraced within the prohibition of the Constitution and result in vacancies, as distinguished from mere failures to elect, the General Assembly may provide for a new election to fill the prospective or actual vacancy, under the express provision of the Constitution. The case at bar does not fall within these classes of cases because it does not present the circumstances under which, as provided by the statute, a town clerk may issue his call for an election. It simply shows that there has been a failure to elect, but not such a failure as creates vacancies, present or prospective, for want of incumbents to fill the places. South Kingstown is divided into voting districts and the procedure must be according to the special statute relating to this town,

which has been construed at this term in *State* v. *Town Council of South Kingstown, ante p.* 258.

*The petition is dismissed.*

*Charles E. Gorman,* for the State.

*Benjamin M. Bosworth,* for respondent.