Case 81—ACTION BY CHARLES McDONALD AND OTHERS
AGAINST JOHN C. B. YATES AS CLERK OF THE KEN-
TON COUNTY COURT TO PREVENT HIM FROM PLAC-
ING THE NAME OF M. L. HARBESON UPON THE OF-
FICIAL BALLOT AS A CANDIDATE FOR CIRCUIT
JUDGE.—Oct. 19.

## Yates, County Clerk, v. McDonald, &c.

Appeal from Kenton Circuit Court.

WM. McD. SHAW, Circuit Judge.

Judgment for Plaintiffs.  Defendant appeals.  Re-
versed.

1. Office and Officers—Vacancy in Office—Constitutional Provis-
ion—Under section 152 of the Constitution an office is vacant
when there is no legal incumbent to discharge its duties. When
the legislature created the office of an additional circuit judge
for the Kenton District the office was vacant, in legal con-
templation, until an incumbent was appointed or elected.

2. Circuit Judges—Appointment—Election—The office of circuit
judge under the Constitution is an elective office; the term is
six years; the last election was held in November, 1903, and
the next election, therefore, will be November, 1909. Under
section 152 of the Constitution if three months do not inter-
vene between the happening of the vacancy and the next suc-
ceeding election at which State, district or municipal officers
are to be elected the office shall be filled by appointment until
the next election at which such officers are to be elected. There
will be no election in Kenton county in November, 1906, to
elect either State, district or county officers, and it was in-
competent for the Legislature to provide by an act passed in
March, 1906, contrary to section 152 of the Constitution, that
an election should be held to fill the vacancy in the office of cir-
cuit judge in that district in November, 1906.

BYRNE & READ for appellant.

We submit that upon the creation of the office of an additional
circuit judge of the 16th Judicial District, by an act passed March
2, 1906, a vacancy existed, and an election to fill such vacancy
cannot be held in November 1906; that when the Constitution pro-
vided that the election to fill the vacancy should be held at the

Yates, County Clerk, v. McDonald, &c.

next annual election at which County, District, or State officers were to be elected, meant a regular election and not a special election. (Stocking v. State of Indiana, 7 Ind., 527; Collins v. State of Indiana, 8 Indiana, 344; Client v. Green & Wood, 10 Oregon, 230; State v. Perry, 18 Rhode I., 276.)

R. C. SIMMONS and N. W. ARNETT for appellees.

We submit that sec. 152, of the Constitution, can not be given the construction that it limits the power of the legislature to provide for an election in a newly created office, except as fixed by the provisions of that section of the Constitution.

### AUTHORITIES CITED.

Neeley v. Cullom, 21 Ky. L. R., 823; Eversole v. Brown, 21 Ky. L. R., 925; Richard O'Leary v. Jacob Adler, 51 Miss., 28; State ex rel., Attorney General v. Messmore, 14 Wis., 193; Stocking v. The State, 7 Ind., 326; People v. Opel, 188 Ill, 194; Constitution, sec. 152; Ky. Stats. sec. 1521.

OPINION BY JUDGE O'REAR—Reversing.

By an act approved March 2, 1906, the General Assembly of this Commonwealth authorized the election of an additional judge of the circuit court for the Sixteenth circuit court district, and provided for the appointment and election of such judge. The Sixteenth circuit court district is composed of the county of Kenton, containing the city of Covington. The Legislature deemed, and, for the purposes of this decision, it is assumed, that the city had such a population as entitled the circuit court of the county to be presided over by two circuit judges, under section 138 of the Constitution. Covington is a city of more than 20,000, and the county of Kenton, presumably from the passage of this act has a population of 40,000 or more. The act providing for an additional circuit judge in that district became effective after its passage, and provided that the Governor should appoint a circuit judge who should act until the 1st of January, 1907, and at the November election, 1906, there should be elected a circuit judge for

that office, who should hold his office after the 1st of January, 1907, and until his successor was elected and qualified. The office of circuit judge is a constitutional office. The term of the office is six years. It is an elective office. The last general election for circuit judges in this State, all of whom are required to be elected for the regular terms at the same time, was held in November, 1903. The next general election for circuit judges will therefore be in November, 1909. Section 129 of the Constitution, designating the term of office of the circuit judges, contains this clause: "The General Assembly shall, at the same time the judicial districts are laid off, direct elections to be held in each district to elect a judge therein." Section 152 of the Constitution deals with the subject of filling vacancies in office. It provides that, unless otherwise provided in the Constitution, vacancies in all elective offices shall be filled by election or appointment as follows: If the unexpired term will end at the next succeeding annual election at which city, town, district, or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which city, town, county, or State officers are to be elected, and if three months intervene before said annual election at which either of such officers are to be elected, the office shall be filled by appointment until said election, and then the vacancy shall be filled by election for the remainder of the term. But if three months do not intervent between the happening of the vacancy and the next succeeding election in which State, district, or municipal officers are to be elected, the office shall be filled by appointment until the next election at which such officers are to be elected. The Honorable M. L. Harbeson was appointed by the Governor, and commissioned, as judge of the Kenton circuit court, to fill the office

provided for by the act of 1906 alluded to above. He has been nominated for election. This suit involves the right of the county court clerk, whose statutory duty it is to provide ballots for the election to be held in November, 1906, to place the name of Harbeson upon the official ballot at the November election, 1906, as a candidate to be voted for for circuit judge for the remainder of the term, until January, 1910. The circuit court held that an election must be held at the November election, 1906.

The correctness of this decision depends upon the construction we are to give the word "vacancy" as it occurs in section 152 of the Constitution. For the appellees it is contended that vacancy, as used in this section, applies only to the state of things where the office has once been filled by an election; that where a new elective office is created, and the act provides for filling the office by appointment until an election is held for that purpose, the first appointee does not fill a vacancy in an office; that there is not a vacancy in an office until after there has once been an election to fill it. If this contention is correct, it would follow that any elective office created by the Legislature could be filled, if the act so provided, by appointment for the whole of the first term, notwithstanding any number of elections might occur during the term at which such an officer might have been properly elected to fill a vacancy in that office. It would mean that if the Legislature had seen proper to so provide, the appointee to this office could have held until the regular election in November, 1909. There is no more prominent and persistent idea in the present Constitution than the purpose it evinces of having all constitutional offices filled by election by the people and that as soon as it may be practicable to hold such election. The only postponement allowed is that shown by the purpose to keep from mingling State and national elections, and allowing for a reasonable opportunity for candidates

and electors to prepare for the election. But where a state election is to be held, any vacancy in any state office or any county or district office, may be filled at such election, if the vacancy has existed more than three months, and the term will not end at that elect· ion. Or, if an election is to be held within a territory less than the whole state; as, for example, a district, a county, or a municipality, and a vacancy occurs in an elective office to be filled by an election held within the same or covered by the same territory, then the vacancy must be filled at that election, if the term does not expire at that election, and if the va- cancy. has existed for three months. In no event is a vacancy in an elective office to be filled by appoint- ment longer than two years. An office is vacant when there is no legal incumbent to discharge its duties. When the Legislature created the office of an addition- al circuit judge for the Kenton district, it was nec- essary that there should be an incumbent to discharge its duties, and, until such incumbent was appointed or elected, the office was to every practical intent and in legal contemplation vacant. It was not competent for the Legislature to create a judicial district, or to provide for a circuit judge in an existing district, without also providing under section 129 of the Con- stitution for the election of the new circuit judge. The only constitutional warrant for his apointment at all is section 152 of the Constitution. As the Con- stitution makes the office elective, but for section 152 there would be no authority for filling it by appoint- ment at all. It is not competent for the Legislature, therefore, to provide an additional circuit judicial ditrict, or to provide an additional circuit judge in an existing judicial district, and to provide for filling the office by appointment, upon any other theory than that, until an election can be held to fill it, the office is vacant. There will not be an election held in Ken- ton county in November, 1906, to elect other state,

district, or county officers. Therefore, it was incompetent for the Legislature to provide contrary to section 152 of the Constitution that an election should be held to fill the vacancy in the office of circuit judge in that district in November, 1906. As the Constitution fixes not only when such election may be held, but also what part of the term may be filled by appointment, the Legislature could not change either; and it could not lessen the appointive period, or shorten or extend the elective period. It is true there exists a vacancy in the office of state senator from the district composed entirely of Kenton county, and that an election has been called to fill that vacancy at the November election, 1906; and it is true that a state senator is a district officer. But section 152 deals with the election of state, county, and district officers to vacancies at regular elections at which such or similar officers are to be elected. That an election to fill a vacancy in the office of circuit judge cannot be held when there is not an election for some state or district officer within the territory co-extensive with the one in which the vacancy is to be filled, was decided by this court in Eversole v. Brown, 53 S. W. 527, 21 Ky. Law Rep. 925, and Donelan v. Bird, 118 Ky. 178, 80 S. W. 796, 26 Ky. Law Rep. 55. The same principle was applied in Neeley v. McCollum, 53 S. W. 37, 21 Ky. Law Rep. 823.

We have been referred to cases in other states apparently holding the contrary to the views herein expressed. Such are O'Leary v. Radler, 51 Miss. 28; State ex rel. v. Messmore, 14 Wis. 127; and People v. Opel, 188 Ill. 194, 58 N. E. 996. On the other hand, the following decisions are cited to show that the construction herein given to our Constitution is in conformity to constructions given somewhat similar constitutional provisions in other states, namely: Stocking v. Indiana, 7 Ind. 327; Collins v. Attorney General 8 Ind. 344; Cline v. Greenwood, 10 Or. 231, and State v. Perry 18 R. I. 276, 27 Atl. 606.

Little aid can be gathered from these conflicting opinions. We are left at last to mark out our own interpretation of the language employed by the convention which framed our Constitution. We cannot see it otherwise than that an office is vacant when it is not filled, as a house would be vacant when it is empty. A new house which has never been occupied is no less vacant than an old one which has been occupied, but whose tenant had removed from it. So a new office, which has never been filled, is vacant when there is no incumbent, as much so as if it had had an incumbent, and he had resigned or died. Any doubt that we might have on the subject is put to rest by the other provisions of the constitution, which point clearly to the controlling idea in the convention, that the people should, as soon as practicable, be left to fill these offices by their own selection, rather than by the appointment by some other power.

The judgment of the circuit court must be reversed, and cause remanded for a judgment in conformity herewith.