### BLAND v. KENNAMER.
### COATNEY v. SAME.

(Circuit Court of Appeals, Eighth Circuit. May 27, 1925.)

Nos. 274, 275.

Judges ⊜⇒25(1)—District Judge, assigned to another district by statute creating such district, held authorized to discharge duties and powers of judge of such district; "court."

Under Judicial Code, §§ 13–17, 19, 22 (Comp. St. §§ 980–984, 986, 989), District Judge of Eastern District of Oklahoma, assigned to Northern District by act of Congress, which created such district, was authorized to discharge duties and exercise powers of District Judge in Northern District, appointment by President not being prerequisite of vacancy, since "court" consists of persons officially assembled at time and place appointed by law for administration of justice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court (of Justice).]

Petitions for Writ of Prohibition.

Petitions by C. W. Bland and by Pansy Coatney for writs of prohibition against Franklin E. Kennamer to forbid respondent to sit and act as Judge of the United States District Court in and for the Northern District of Oklahoma. Writs denied, and petitions dismissed.

Franklin H. Griggs and James H. Sykes, both of Tulsa, Okl., and Edward B. Graves, of St. Paul, Minn., for petitioners.

John M. Goldesberry, U. S. Atty., McGuire & Marshall, and Stuart, Sharp, Cruce & Coakley, all of Tulsa, Okl., for respondent.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

LEWIS, Circuit Judge. These are petitions in which the writ of prohibition is prayed for, forbidding the respondent to sit and act as Judge of the United States District Court in and for the Northern District of Oklahoma. The Northern District was created by Act of Congress which took effect February 16, 1925. 43 Stat. 945. Theretofore the State of Oklahoma was divided into two districts, the Eastern and Western, the Eastern having two Judges, of whom respondent was the junior in time of appointment. By the Act, thirteen counties in the Eastern District and two in the Western District were designated as composing the Northern District, and that district was thus established. The Act named four places within the district and fixed the times when terms of court should be held at each place, one of them being at Tulsa, which was also one of the places named for the holding of court in the old Eastern District. It designated and assigned respondent to hold the District Court in and for the Northern District and empowered him to exercise the same jurisdiction and perform the same duties within the Northern District as he had exercised and performed within the Eastern District prior to the passage of the Act. It declared that each of the Judges in and for the three districts, and the District Courts thereof, should have and exercise all the power and authority civil, criminal, equitable or otherwise which is conferred by law generally upon the District Courts of the United States and the Judges thereof. It provided that the President, by and with the advice and consent of the Senate, should appoint for the Northern District a Marshal and a District Attorney, and that has been done. It provided that a clerk and deputy clerk should be appointed in the manner provided by law, and the respondent has appointed a clerk of the court for that District. And it further provided that the President, by and with the advice and consent of the Senate, shall appoint for said Northern District of Oklahoma a District Judge, upon the death, disability or retirement of the District Judge designated and assigned by the Act to said Northern District.

Petitioner Coatney is plaintiff in a personal injury action which she brought in the State court in Tulsa County in 1922, and which was removed by the defendant in that action to the United States District Court for the Eastern District, sitting at Tulsa, prior to the creation of the Northern District. Petitioner Bland is defendant in an action brought since the Northern District was created, in that District at Tulsa. The Act, as it and the petitions disclose, gave the court for the Northern District jurisdiction in both of these actions, and it is sought by both petitioners to restrain respondent from acting as Judge in that District and in making any orders or disposition of those causes. He is one of the District Judges in and for the Eastern District, and there can be no doubt of the right and authority of Congress to designate and assign him to act as District Judge in the Northern District. McDowell v. United States, 159 U. S. 596, 16 S. Ct. 111, 40 L. Ed. 271. This is conceded by counsel for petitioners, with the qualification that, while respondent might appropriately be so designated and assigned, yet he could not act and discharge the duties of a District Judge within the Northern District until after the appointment by the President of a Judge for that District who, as a prerequisite, must have first organized the court within that District, and that no Judge assigned to the District would have the qualifications to organize the court in that District. Counsel presents no authority in support of that proposition and says that he has found none. A court consists of persons officially assembled at a time and place appointed by law for the administration of justice. Board of Commissioners v. Gwin, 136 Ind. 562, 36 N. E. 237, 240, 22 L. R. A. 402; In re Allison, 13 Colo. 525, 528, 22 P. 820, 10 L. R. A. 790, 16 Am. St. Rep. 224; Dunn v. State, 2 Ark. 229, 252, 35 Am. Dec. 54; 1 Bouv. Law Dict. 695. The respondent, as District Judge of the Eastern District, has the right and authority to hold court, not only within that district but in any other district to which he may be assigned and designated, as the law directs. Judicial Code, §§ 13, 14, 15, 16, 17, 19, 22 (Comp. St. §§ 980–984, 986, 989). This Act made the assignment. That was not left to provisions found in the Code. And when respondent and the administrative officers named, who have been appointed, are assembled at the places named and at the times specified in the Act for the purpose of holding the District Court in and for the Northern District, we think the court for that district is thereupon organized for every purpose intended by law and for the discharge of every function which a District Court of the United States possesses. It is then a tribunal for the administration of justice within the requirements and limitations imposed upon a District Court of the United States. Respondent was designated and assigned to the Northern District by the Act, being District Judge of the Eastern District, and he may, by the terms of the Act and the assignment, discharge all of the duties and exercise all of the powers of a District Judge within that District during the continuation of that assignment, as much so as if he had been appointed by the President, by and with the advice and consent of the Senate, as Judge of the Northern District. It was not necessary that a Judge should be first appointed for that District before there could be a vacancy in that office. Knight v. Trigg, 16 Idaho, 256, 100 P. 1060; Richardson v. Young, 122 Tenn. 471, 125 S. W. 664, 686; Yates v. McDonald, 123 Ky. 596, 96 S. W. 865; Commonwealth v. McAfee, 232 Pa. 36, 81 A. 85, 88; State v. City of Butte, 41 Mont. 377, 109 P. 710. Section 22 of the Judicial Code provides that in event of vacancy in the office of Judge of any District Court, a Judge designated to hold court in such District shall possess all of the powers and exercise all of the duties of a Judge of that District. The Act designates and assigns respondent to hold the District Court in the Northern District, and under Code sections, cited, as well as the special Act, he has authority to discharge the same duties that a Judge appointed for that District would have. We are not called on to answer in this proceeding the claim of counsel for petitioners that the Act is a restriction on the right of the President to make a present appointment. The relief sought should be denied, and the petitions will be dismissed at petitioners' costs.