## Mullins v. Jones.

May 29, 1942.

Edwin R. Denney for appellant.

Robert B. Bird and Fritz Krueger for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

On August 19, 1941, following a decree of court dis-

solving the corporation, the town of Livingston was re-created in the manner provided by Section 3714 et seq., Kentucky Statutes. In the incorporating decree the court appointed certain municipal officers, among the list Mullins, to be police judge.

It was recited in the order that all appointed officers were to "hold their respective offices until the next election at which said officers for cities and towns may be elected, and until their successors are duly elected or appointed and qualified." Under this appointment appellant qualified, and as divulged by pleadings had been, and was acting as police judge when, on January 2, 1942, he instituted action against appellee Jones. Jones was a candidate for police judge of Livingston at the November 4, 1941, election. He received the majority votes cast in that race, and three days thereafter was issued a certificate of election. Mullins asserted that Jones, under authority of his certificate, was holding it out that he was duly elected, and purposed to present his certificate to the trustee board on January 5, to be sworn in and assume the duties of police judge. Appellant, admitting Mullins' election, contends that while there was an election held in the state and county on November 4, 1941, since the time elapsing between the date of his appointment and of election was less than 90 days, Section 152, Constitution, he was entitled to hold under his appointment until a regular election at which municipal officers could be legally elected, and that such an election could not be thus held until 1942 or 1943, but in any event not before 1942.

On this ground plaintiff sought to have the court adjudge appellee's election void, and he be enjoined from interfering with the performance of his duties, and that plaintiff be entitled to serve until his successor be lawfully elected and qualified. Jones filed general and special demurrers, the latter being based on the ground that the petition on its face manifested no right of plaintiff to maintain his action, and without waiving demurrers answered, admitting his election, but denying the conclusions as to the effect of appellants' appointment, and invalidity of the November 1941 election as relating to the office of police judge. He asserted that at the November election Mullins was also a candidate for the office; that prior thereto, in his campaign, he was taking the position that November 4 was the legal date for electing a

police judge, and should now be estopped to challenge the result.

In a second paragraph, by way of counterclaim, it was charged that appellant was not entitled to hold the office under his alleged appointment for a period beyond the regular November 1941 election, at which defendant was duly elected, and he asks that plaintiff be enjoined from interference.

The cause was submitted for hearing on general and special demurrers, and the court sustained both demurrers, whereupon plaintiff declining to plead further his petition was dismissed, over objection with appeal granted.

The section of the statute under which the town was incorporated by decree of the circuit court (Kentucky Statutes, Section 3715) provides for the appointment of officers, including police judge to hold office "until the next election at which officers for cities and towns may be elected." Section 3716 in part provides:

"After a judgment establishing a town has been rendered, * * * at the first regular election held after the judgment is entered establishing said town, at which officers for cities and towns may be elected, if it has not been theretofore assigned to another class, an election shall be held in the manner and as provided in the law relating to towns of the sixth class."

In reaching the conclusion that the demurrers to Mullins' petition should be sustained, the court did not in writing express an opinion. Appellant in argument insists that the only question presented by the special demurrer was based on the failure of the petition to state that appellant had been commissioned by the Governor on the first Monday in January 1942, or as far as the record shows, at any time.

The court based its ruling on the the provision of Section 3758, Kentucky Statutes, which provides that officers named therein, including police judge, shall have commissions issued to them by the Governor. Upon consideration of the whole case, we have concluded that it is not necessary to discuss this question. We are, however, inclined to the view that under the facts as presented, the failure to hold commission would not preclude Mul-

lins from maintaining the action. See Toney v. Harris, 85 Ky. 453, 3 S. W. 614.

There seems to be little or no disagreement between parties that upon the recreation of the corporation there existed a vacancy. There is authority to uphold the proposition that a vacancy existed under the circumstances here shown. Yates v. McDonald, 123 Ky. 596, 96 S. W. 865. Nor is there question of the power of the court to appoint officers when the town is created.

The only question which we shall discuss at any length involves the court's ruling on the general demurrer, and a discussion turns on a construction of Section 152 of the Constitution, as applied to the facts in this case and pertinent statutory laws. One of the questions disputed is whether or not the election held in November 1941 was an election at which city, town, district or state officers were to be legally elected. There should be little dispute on this point; such an election was then held in Livingston; and in other cities and towns in the state, for the election of city and town officers. There was an election in every county for members of the General Assembly (representatives), and we need not stop to determine whether they may be classified as state or district officers, since Section 152 of the Constitution makes it clear that an election may be held to fill a vacancy in a town office, if either state, county, town or district officers is to be legally held. We held that a vacancy in a city office might be filled without violation of the Constitution as to time of filling the vacancy, in an even year when presidential electors were to be elected. This case did not involve the 90 day period mentioned in Section 152 of the Constitution. Todd v. Johnson, 99 Ky. 548, 36 S. W. 987, 33 L. R. A. 399.

Section 167 of the Constitution provides that the police judge's term shall be for four years, and specifically fixes time of election; Section 3681, Kentucky Statutes, provides that the first election of town officers should be at the regular election in 1893, and as to the police judge every four years thereafter. It would follow as a matter of calculation that an election was legally held in 1941 for the election of town officers. This would be so in so far as the Constitution here applies (Section 152), since there were other general elections which would permit a vacancy to be filled in November of 1941.

It is apparent from a reading of the section supra

(Section 152, Constitution) that there are three severable provisions as to filling vacancies. First, if the unexpired term will end at the next succeeding annual election at which either city, town, county, district or state officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at such an election, and if three months intervene before such an election, the office shall be filled by appointment until such election, and then the vacancy shall be filled by election for the remainder of the term, but if three months do not intervene between the happening of the vacancy and the next "such election," then the office shall be filled by appointment until "such" succeeding election, and then if any part of the term remains unexpired, the office shall be filled by election until "the regular time for the election of officers to fill said offices."

Our construction of the section supra leads us to the conclusion that the three month intervening period has no application in those cases in which the term or unexpired term ends with a succeeding annual election, at which city, town, county, district or state officers may be elected under provisional laws, and in this connection it may be noted that in the great majority of cases decided by this court touching the question, as well as those cited by appellant, involved situations existing where the unexpired term did not end at the next described election.

It is clear that the "term" of police judge would under the statutes have expired, not at the 1941 election, but upon the qualification of a legally elected successor at that or any other regularly and legally held (as to time) election. As far as term is concerned, appellant was filling a term which would have expired in the course of events about January 1, 1942, if indeed he was filling any "term" at all, since the section of the statute supra (Section 3716) only empowered the judge to appoint until there be an election for town officers. "Term of office" has been defined in several opinions of this court. In McGinnis v. Cossar, 230 Ky. 213, 18 S. W. (2d) 988, quoting from Schardein v. Harrison, 230 Ky. 1, 18 S. W. (2d) 316, we said:

> " 'Term' is thus identified and defined as a certain and fixed period of four years. It commences when the mayor is elected and inducted into office and ends at the end of the four years for which he was elected.

One or several persons may discharge the duties of the office during this period, but the term is not divided into smaller terms by the number of persons who may fill the office. It remains one and indivisible, and term follows term in successive cycles of four years each. Nor does it die with the incumbent. On the contrary, if the incumbent or the one elected to the office shall resign, refuse to qualify, or be impeached or removed from office, the term remains unbroken until the recurring election for that office."

In Jones v. Sizemore, 117 Ky. 810, 79 S. W. 229, 230, we said that the word "term" when used in relation to the office of sheriff, means a full period of four years, no more nor no less.

"The present term throughout the state began with the first Monday in January 1902. The term had but one beginning, and will have but one ending, though there may be a dozen incumbents."

The Constitution adopted the "term" as the basis upon which vacancies might be filled, in so far as time of filling same, and the tenure was concerned.

The construction we have indicated above was given to the section in the case of Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855, 856. The opinion in determining the power of the Governor to fill vacancies, and not so much as to the tenure of the appointed office, said:

"We think the meaning of this section [152] is quite plain. Whenever a vacancy occurs in an elective office, it is to be filled by appointment. If the unexpired term ends 'at the next succeeding annual election at which either city, town, county, district or state officers are to be elected,' the appointment will last for the remainder of the term."

This case, it is true, was overruled in Pratt v. Breckinridge, 112 Ky. 1, 65 S. W. 136, 66 S. W. 405, on the question of authority to appoint rather than time of election. The case of McCreary v. Williams, 153 Ky. 49, 154 S. W. 417, 419, bears out this construction. There the Governor had appointed officers for a newly created county bearing his name. The question of "term" was involved. In holding valid an election to fill the office of county judge, held in the same year in which the county was created, and appointments made, we said:

"When Goode was appointed in June, he could hold only until the November election, and his resignation in October and the appointment of a successor could not change the conditions, for they were fixed and determined when the vacancy occurred, and remained so, without regard to what changes were thereafter made in the incumbents of the office."

See Shelley v. McCullough, 97 Ky. 164, 30 S. W. 193.

In the Williams case, quoting from Yates v. McDonald, supra, we said:

" 'There is no more prominent and persistent idea in the present Constitution than the purpose it evinces of having all constitutional offices filled by election by the people, and that as soon as it may be practicable to hold such election.'

"A vacancy existed in the office of county judge, and, under the plain provision of the law, was to be filled at the November election, 1912."

We are concluded from a reading of the authorities cited that the term for which appellant was appointed, if for a term, expired upon the election and qualification of appellee, which he himself fixes as of Jan. 2, 1942; this is true, whether or not the election was one at which town officers were to be regularly elected, since there were other general, regular elections held in that year at which the vacancy might have been filled under the terms of the Constitution. It follows that the chancellor properly sustained demurrer and dismissed appellant's petition, and the judgment is affirmed.