

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 6, 1974

The Honorable Mark W. White, Jr.　　　Opinion No. H- 253
Secretary of State
Office of the Secretary of State　　　Re:　Does "at his (Governor's)
Austin, Texas 78711　　　　　　　　　　　pleasure" constitute a
　　　　　　　　　　　　　　　　　　　　term of office within the
Dear Secretary White:　　　　　　　　　definition of § 2(3)(C)?

　　Article 6252-9b (Acts 1973, 63rd Leg., ch. 421, p. 1086), the
Ethics Bill, in its § 2(3) defines "Appointed officer" to include, as
Subsection C:

> "an officer of a state agency who is appointed
> for a term of office specified by the constitution or
> a statute of this state. . . ."

　　The Constitution and statutes "specify" a term of years for num-
erous officers of state agencies. For example, Article 3, § 49-b, Con-
stitution of Texas; and Article 5421z, Vernon's Texas Civil Statutes.

　　For others, no term is given. See, Article 43.003, Vernon's
Texas Water Code and Article 6008-1, V. T. C. S. Finally, there are
officers who are to be appointed to serve at the "will" or "pleasure" of
the appointing officer. See, for example, Articles 4413(201) and 4413d-1,
Vernon's Texas Civil Statutes.

　　Your question is whether an appointment "at his (Governor's) pleasure"
constitutes a term of office so as to make such appointees "Appointed officers"
under Article 6252-9b, supra.

　　Generally, the phrase "term of office" is used to mean the fixed period
of time for which the office may be held. It is the period designated by the
Constitution or laws as the time during which the office may be held rather
than the time an individual holds the office. 67 C. J. S., Officers, § 42, pp.

p. 1182

195-96, and cases cited.  And see, for example, State v. Galusha, 104 N. W. 197 (Neb. 1905); Recall Bennett Committee v. Bennett, 249 P. 2d 479 (Ore. 1952); Mullins v. Jones, 162 S. W. 2d 761 (Ky. 1942); Smith v. Pettis County, 136 S. W. 2d 282 (Mo. 1940).

A person holding office at the pleasure of the appointing officer does not have a term of office.  Arthur v. Hubbard, 70 A. 2d 925 (My. 1950); City of Owensboro v. Hazel, 17 S. W. 2d 1031 (Ky. 1929); Kratzer v. Commonwealth, 15 S. W. 2d 473 (Ky. 1929); State ex rel. Gilbert v. Board of Commissioners of Sierra County, 222 P. 654 (N. M. 1924); Bayley v. Garrison, 214 P. 871 (Cal. 1923); State ex rel. Matlack v. Oklahoma City, 134 P. 58 (Okla. 1913); State ex rel. Rumbold v. Gordon, 142 S. W. 315 (Mo. 1911); Harrold v. Barnum, 96 P. 104 (Cal. App. 1908); Ida County Savings Bank v. Seidensticker, 92 N. W. 862 (Iowa 1902); In re Batey, 52 N. Y. S. 871 (App. Div. 1898); Somers v. State, 58 N. W. 804 (S. D. 1894).

In Spears v. Davis, 398 S.W. 2d 921 (Tex. 1966), where the question was whether two state senators were disqualified from running for Attorney General by Article 3, §18, of the Texas Constitution, which forbids such a candidacy "during the term for which he may be elected, " the Supreme Court said:

> "In order to avoid confusion, a clear distinction
> must be made between the phrase, 'term of office' and
> an individual's tenure of office.  The period of time
> designated as a term of office may not and often does
> not coincide with an individual's tenure of office. . . ."
> (398 S. W. 2d at 926)

And see Hall v. Baum, 452 S. W. 2d 699 (Tex. 1970).

We believe that by referring to the "term of office specified by the constitution or a statute of this state, " the Legislature evidenced its intention to refer to a specific, designated period of time, following the line of authority set out above.

Therefore, it is our opinion that an officer of a state agency appointed "at the pleasure" or "at the will" of the Governor or other appointing authority is not one appointed for a term of office specified by the Constitution or a statute of this state.

## SUMMARY

Officers of state agencies appointed for a term of office, as contemplated by Article 6252-9b, § 2(3)(C), V. T. C. S., do not include those appointed at the "pleasure" or "will" of the appointing officer.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee