## No. 8086.

### GEORGE OSGOOD VS. J. W. BLACK ET AL.

### ON MOTION TO DISMISS.

An interlocutory order, which dissolves an injunction, on a bond for the amount of damages claimed by the Plaintiff in injunction, cannot work an irreparable injury and is, therefore, not appealable.

APPEAL from the Civil District Court, parish of Orleans. *Lazarus, J.*

*Brice & Pardee* and *E. Howard McCaleb* for Defendants and Appellees :

First—In an injunction suit where it is not alleged the damage will work irreparable injury, the injunction may be dissolved on bond. C. P. 307.

Second—Where the damage complained of is estimated in dollars and cents in the petition for injunction, and the same is dissolved on bond, the plaintiff has no right of appeal.

Third—In case an appeal is allowed to the Supreme Court, in such case the appeal may be dismissed on motion when it is apparent on the face of the petition that the damages complained of are fixed in a determinate sum in the petition of plaintiff.

*J. R. Beckwith* for Plaintiff and Appellant :

First—The petition discloses a cause of action and a right to the writ of injunction as prayed for. Williams vs. Payson, 14 An. 7.

Second—Where the object and effect of an injunction is to prevent the practice of future frauds and wrongs against the rights of plaintiffs threatened to be committed in the future, the court is without power to dissolve the writ on bond under Art. 307 C. P.

Third—Art. 307 C. P. applies only to cases where some right to some specific article or class of articles of movable property capable of manual delivery as immovable property, or some right in immovable property is in dispute. The bond required by that section only relates to that description of property or right. Art. 307 C. P.

Fourth—This Court will entertain and hear an appeal from an order dissolving an injunction on bond, under the provisions of Art. 307, C. P., to determine whether, under the facts as disclosed in the petition, the bond ordered to be given to dissolve the injunction is inadequate in amount to protect the plaintiff and to prevent Art. 307 C. P. being used in such manner as to defeat the spirit of the article and the plaintiff's remedy.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendants and appellees claim that the appeal herein taken should be dismissed for the following reasons :

First—This Court has no jurisdiction over the case;

Second—The appeal was not made returnable within ten days as it should have been, the suit involving a right of office;

Third—The order appealed from does not work an irreparable injury.

The plaintiff asserts the valuable privilege of exercising, under a commission from the Executive, the functions of a branch pilot of the port of New Orleans; that the defendants exercise similar functions without authority and in violation of penal laws; that they have already inflicted severe damages upon him, which he estimates at $1500; and that they will continue to injure him unless they be enjoined. He accordingly prays for a money judgment, for a preliminary, and in due course for a perpetual, injunction. On a bond of $500 furnished by the plaintiff, a preliminary injunction was by order of the court duly issued and served. Subsequently, on motion of the defendants, the injunction was ordered to be dissolved, on their furnishing a bond for $1500. Before the bond was given, the plaintiff sought and obtained a suspensive appeal from the dissolving order.

The case is appealable. We therefore have jurisdiction over it.

The main issue which the motion to dismiss presents simply is : Whether an appeal lies from the dissolving order. To solve the question we must test the validity of the order.

From whatever standpoint the matter be viewed, it is manifest that the motion must prevail.

In the first place the plaintiff has no standing in court, solitary and alone as he is, to inquire into the rights and pretensions of the defendants, whom he formally charges with usurpation of, and intrusion into, a public office.

If such be the fact, it is a matter in which the community, the State, is concerned, and which can be brought to the knowledge and attention of courts by the State only; either in a civil action, on her own motion, or at the instance of a party interested, or in a criminal proceeding on the complaint of some citizen.

R. S. 2593, 2595, 2596, 2597; Act of 1877, No. 63, p. 103; State ex rel. Ford vs. Miltenberger.

The State is no party plaintiff in any shape in this suit. What, then, is the authority of the plaintiff to prefer the charges which he has propounded and to demand the relief which he seeks ?

Commissioned officers of the class to which plaintiff claims to be-

long, have no warrant on their own suggestion, themselves to draw in question the rights or pretensions of parties represented as claiming to be like officers and charged with usurpation of and intrusion into office. The law provides for the mode in which such matters can be investigated and affords adequate remedy.

The unwarranted use of the exclusive prerogatvies of the State by individuals for their personal benefit, cannot be tolerated in any form. 8 An. 388; 5 Kans. 518. In the next place, the plaintiff has not averred a state of facts from which it can be inferred that he will sustain *irreparable* injury in case the defendants be not enjoined from continuing, and do persist, in their alleged wrongful acts. Had he done so, however, the averment would not have been binding on the court. O. B. 53, 394, 546. It would not have been entitled to any consideration, for the obvious reason that the plaintiff has *himself* placed an evaluation of $1500 on the damages, or injury, said to have been occasioned by the defendants and sustained by him at the filing of the petition. If the acts apprehended be committed, they would be similar to those already assessed by the plaintiff, and likewise would be susceptible of appreciation and atonement, in dollars and cents. The injury then would be *reparable*.

As the plaintiff has no standing in court for an injunction, none should have issued.

The case is one in which the defendants might, on the face of the petition, have successfully asked for an unconditional dissolution of the writ. The court, therefore, could have set the remedy aside without requiring a bond as a condition precedent. It did not, therefore, err in dissolving it as was done. If it did, it was an error of which the defendants, but not the plaintiff, could have complained. 2 An. 321; 4 An. 147; 14 An. 57; 28 An. 649; O. B. 53, f. 394, 546, and case No. 8111 in this Court.

As the dissolving order was valid, no appeal could be taken from it.

It is, therefore, ordered that the motion be sustained, and that the appeal be dismissed with costs.

---

ON THE APPLICATION FOR A REHEARING.

TODD, J. By our former decree the appeal, which was taken from an order authorizing the dissolution of the injunction sued out by the plaintiff, on bond, was dismissed.

The motion for dismissal was on the ground that the interlocutory order appealed from did not work an irreparable injury, and that, therefore, no appeal would lie from it. We held that the dissolving the injunction on bond would not work an irreparable injury, and dismissed

the appeal. We adhere to our former decree, but, inasmuch as the appellant's counsel contends that in our reasons for the decree, we prematurely decided questions pertaining to the merits of the case and to his right of action, we take occasion to saý that in reviewing our previous opinion, we want it understood that we rest our dismissal of the appeal solely on the ground that the order appealed from could not work an irreparable injury, and if anything in that opinion goes beyond this and would seem to deny or question the appellant's right of action or standing in court, or to pass upon anything pertaining to the merits of the case, the same may be considered as *obiter*, and the case goes back to the lower court with every issue presented by the petition or pleadings still open for determination therein.

Rehearing refused.