On Motion to Dismiss Appeal.
MONROE, J.
Relator prosecutes this appeal from a judgment denying his application for a writ of injunction to restrain Thomas P. Goff and the commission council of the city of New Orleans from interfering with him in the discharge of the functions of the office of recorder in that city, and recalling the alternative writ of quo warranto whereby said Goff was directed to show the authority under which he exercises those functions. The judgment was- signed on May 9th; the appeal was granted, on motion, on May 14th, though the bond was not filed until May 15th; the appeal was made returnable on June 17th and lodged in this court on June 16, 1913,
[1] Defendants move that the appeal be dismissed on the grounds that, under section 7 of Act 45 of 1870 (E. S.), it should have been made returnable in ten days; that, should the court hold this to be a contest for a judicial office, then, under Act 39 of 1873, the appeal should have been applied for, and the bond filed, within three judicial days from the rendition of the judgment, and the appeal made returnable within five days.
Relator contends that the matter is governed by Act No. 106 of 1908, and that the appeal was taken and returned in due time.
Act 45 of 1870 (Extra Session) is a statute entitled:
“An act relative to the Supreme Court, and to regulate the terms thereof, the proceedings therein, appeals thereto, and processes against sureties on appeal bonds.”
It provides that the Supreme Court shall hold its sessions at New Orleans, Opelousas, and Monroe, at certain times, and that appeals from certain parishes shall be made re *340 turnable at those sessions, respectively; that (section 7) in all cases in which the right to office is involved, the appeals shall be made returnable in ten days after judgment of the lower court; that (section 8) appeals in criminal cases may be made returnable within ten clays or, at the next term of the court, wherever held; and there are various other provisions, concerning the terms, sittings, and rules of this court, and the hearing of cases on appeal, from which,- considered in connection with the language relating to' appeals, as found in the title, we conclude that the statute is to be regarded as intended, generally, to regulate appeals to and in the Supreme Court, rather than as special legislation upon the subject of appeals in cases involving the right to office, criminal cases, or any other cases belonging to particular classes, and hence is in effect, and so far as they are in conflict, repealed by the similar, general statute, No. 106 of 1908, the title and text of which read:
“An act relative to appeals to the Supreme Court, and providing for return days therein.
“Section 1. * * * That the judges of all the courts throughout the state shall fix the return days in all cases, civil or criminal, appealable to the Supreme Court: Provided, that, the judge shall fix the return day in the order granting the appeal which shall not be less than fifteen nor more than sixty days from the date of the order, except by consent of parties.
“Sec. 2. * * * That all laws or parts of laws in conflict herewith are hereby repealed, and that this act shall take effect from and after its passage.”
[2] It may be here stated that, construing Act 106 of 1908 with Act 92 of 1900, we find no reason to doubt that the act first mentioned applies to appeals coming up from the parish of Orleans (although, as remarked in State v. People’s Fire Ins. Co., 125 La. 986, 52 South. 120, the question had not, up to that time, been determined); the fact being that the only change made by the act of 1908 is the omission of the words “the parish of Orleans excepted,” which are to be found in the act of 1900.
[3] The Act No. 39 of 1873 (amending and re-enacting Act No. 11 of the same session), upon which, also, the appellees rely in support of their motion, provides for contestations with respect to judicial offices, where the person asserting claims to such offices “have been appointed * * * and shall have been confirmed by the Senate and commissioned thereto, or shall have been elected, and, in pursuance of said election, shall have been commissioned.”
The act declares that, if any person pretending to hold such office shall refuse to vacate and turn the same over “to the person so commissioned,” such person, so commissioned, shall have the right to proceed, by rule, to have himself declared entitled thereto; that the rule shall be made returnable within 24 hours, and tried immediately, by preference and without a jury; that an appeal, in such cases, may be taken within three days, and shall be made returnable within five days; that the judgment of this court shall become final after the expiration of two legal days, whether judicial or otherwise.
It is evident, therefore, that the statute has no application here, since the relator was not elected, but is shown to have been commissioned by the Governor, in November, 1912, to fill an alleged vacancy, and, so far as we are advised, has never been confirmed by the Senate. Beyond which, this is not the proceeding by rule which the statute in question contemplates, but purports to be a proceeding under the provisions of the Code of Practice relating to the writ of quo warranto. We therefore conclude that the motion discloses no sufficient grounds for the dismissal of the appeal, and it is accordingly overruled.