(111 So. 681)

No. 28411.

THOMAS et al. v. DOUGHTY.

In re DOUGHTY.

(Jan. .31, 1927.    Rehearing Denied Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

1. Schools and school districts ⟨⟩48(1)— Formal finding of police jury that ward was entitled to additional school board member by virtue of ward's increased population gave person appointed prima facie right to membership (Act No. 279 of 1908; Act No. 100 of 1922, § 17).

Person appointed by Governor as additional member of parish school board, who duly qualified, had prima facie right to office by virtue of formal finding of police jury that ward, which he represented, was entitled to additional member on basis of census of ward under police jury's supervision, which showed population was over 5,000, in view of Act No. 279 of 1908, providing each ward of parish in certain cases should be entitled to additional police juror for each 5,000 inhabitants, and Act No. 100 of 1922, § 17, providing there should be member of parish school board for each police juror.

2. Courts ⟨⟩204—Supreme Court will look to substance rather than form.

Supreme Court, in exercise of general supervision over inferior courts, will look to substance of right sought to be vindicated and need for speedy relief, rather than to form in which such relief is sought.

3. Certiorari ⟨⟩15—Prohibition ⟨⟩5(2)—Certiorari and prohibition lay to require recall of restraining order against member of school board having apparent title in suit by persons lacking capacity to require ouster.

Writs of certiorari and prohibition lay to require district judge to recall restraining order prohibiting appointee to school board from exercising rights under office, where appointee had apparent title thereto, and had qualified, and where restraining order was issued on petition of persons having no interest or capacity to require ouster.

4. Schools and school districts ⟨⟩111—Residents and taxpayers of ward, not claimants to office, and having no special interest therein, could not oust school board appointee having apparent title (Act No. 279 of 1908; Act No. 100 of 1922, § 17).

Residents and taxpayers of ward, who failed to show taxes would be increased by appointment of additional member of school board or any special interest in subject, could not maintain action to oust additional member appointed thereto by Governor, and clothed with apparent title by virtue of finding of police jury that population of ward was such as to entitle it to additional member on parish school board under Act No. 279 of 1908, and Act No. 100 of 1922, § 17, providing for additional police jurors and for member of school board for each police juror in ward; such an action being maintainable only by the state or claimant to office.

Application by S. A. Doughty for certiorari and prohibition to be directed to the judge of the Eighth judicial district court, parish of La Salle, to require him to recall a restraining order issued in a suit wherein S. B. Thomas and others were petitioners and relator defendant, prohibiting relator from exercising his functions as a member of the parish school board. Writs issued, and district judge directed to recall his restraining order and to refrain from further interfering with relator at suit of petitioners.

Thornton, Gist & Richey, of Alexandria, for relator.

C. W. Flowers, of Jena, and S. R. Holstein, of Winnsboro, for respondents.

ST. PAUL, J. Act 279 of 1908, p. 412, provides that in each parish of this state having a population of less then 50,000 there shall be, "in addition to the police juror to which said [each] ward is entitled, an additional police juror for each 5,000 inhabitants which said ward contains; also, one additional police juror for each additional 5,000 inhabitants or part thereof in excess of 2,500 inhabitants." Section 1. And it is provided by Act 100 of 1922, § 17, p. 209, that there shall be a member of the parish school board "for each police juror in said ward."

### I.

The police jury of La Salle parish, being of opinion that the Third ward of said parish might have a population of 5,000 or more, and therefore be entitled to an additional police juror and an additional member on the parish school board, and being also aware that Act 279 of 1908 aforesaid made no provision for ascertaining the population of said ward, sought the opinion and advice of the Attorney General as to how to proceed.

The Attorney General thereupon advised the police jury, following the opinion handed down by this court in McFarlain v. Town of Jennings, 106 La. 541, 31 So. 62, that it was for the police jury itself to direct the taking of a census of said ward by competent parties.

### II.

Thereupon the police jury *did* provide by formal ordinance for the taking of a census of said ward 3, and said census was duly taken in accordance with the provisions of said ordinance; and thereafter the result of said census, showing a population of 5,135 for said ward 3, was duly approved by ordinance of said police jury; and the Governor of the state was thereupon duly notified that said ward 3 was entitled to an additional police juror.

### III.

And thus it came about that ward 3 became entitled to an additional member on the parish school board; and, there being no incumbent in said office, the Governor appointed the present relator to fill the vacancy thus existing.

Relator then qualified by taking his oath of office on December 18, 1926, intending to take part in the meeting of said school board to be held on Monday January 3, 1927.

### IV.

On Friday December 31, 1926, certain residents and taxpayers of said ward 3 appeared before the district judge, and, without even pretending that their taxes would be in any way increased by the appointment of an additional member of the school board, or that they had any interest in the matter different from or additional to the interest which every other resident of said ward 3 might have in the matter, sought and obtained a restraining order prohibiting relator from exercising his functions as a member of the school board, and a rule upon him to show cause on January 7th why a preliminary injunction should not issue against him.

The grounds of their attack upon relator's right to said office were, in substance, that the census taken by the police jury (in December, 1926) did not correspond with the federal census taken in 1920; that said census was taken in an irregular manner; that said census is erroneous; that Act 279 of 1908 is unconstitutional because it discriminates between parishes having less than 50,000 inhabitants and parishes having more.

And the sole interest which the petitioners allege in themselves is that they are entitled to see that no part of *their* money (i. e., the school money) be paid as mileage and per diem to some member of the school board who is not entitled to sit thereon.

## V.

Saturday, January 1st, was a legal holiday, which counsel for relator says he spent looking up the law applicable to this case. On Sunday, January 2d, the relator made application to the district judge to vacate his restraining order; but the district judge was unable to give the matter any attention at that time, nor would he commit himself as to what he might or might not do next day, to wit, Monday January 3d, on which the school board was to meet.

## VI.

[1] It is therefore clear that, if relator had any rights in the premises, he had no time to lose in laying his complaint before this court, which he did on the very morning of January 3d. And it is equally clear that relator has prima facie rights in the premises by virtue of the formal finding of the police jury that ward 3 is entitled to an additional police juror and an additional member of the school board, and by virtue of relator's appointment by the Governor to membership on said school board.

## VII.

[2-4] This court, in the exercise of its general supervision and control over inferior courts, is not tied down by forms of procedure, and will look at the substance of the right sought to be vindicated and the need for speedy relief, rather than to the form in which such relief is sought. State ex rel. Saizan v. Judge, 48 La. Ann. 1501, 21 So. 94. And we have repeatedly held that one not himself a claimant for an office and having no concern in such office other than that which is common to all other citizens, has no interest or capacity to maintain an action to oust from that office one clothed with apparent title thereto, or right whatever to interfere with him in any way. State ex rel. Ford v. Miltenberger, 33 La. Ann. 263; Osgood v. Black, 33 La. Ann. 493; State ex rel. Denis v. Mayor, 43 La. Ann. 98, 8 So. 893; State ex rel. Saizan v. Judge, 48 La. Ann. 1501, 21 So. 94; State ex rel. Duffy v. Goff, 135 La. 335, 65 So. 481. Such an action can be brought only by the state, or by a claimant for the office.

### Decree.

The writs of certiorari and prohibition herein issued are therefore perpetuated, and the district judge is hereby directed to recall his restraining order and to refrain from further interfering with the relator at the suit of the petitioners now before him; said petitioners to pay all costs hereof.