(114 So. 87)

No. 28630.

**BLANCHARD v. NORMAN et al.**

July 11, 1927. Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. Officers ☞83—Suit under Intrusion into Office Act must be brought in name of state by Attorney General or district attorney (Rev. St. §§ 2593–2605).

Suit under the Intrusion into Office Act (Rev. St. §§ 2593–2605) must be brought in the name of the state by the Attorney General or by a district attorney.

2. Officers ☞83—Quo warranto ☞24—Suit to annul elections and commissions issued by Governor cannot be brought by nonclaimant to office, having interest common to other citizens (Rev. St. §§ 2593–2605; Code Prac. arts. 867, 869).

Whether suit to annul an election and commissions of officers issued by the Governor be brought under the Intrusion into Office Act (Rev. St. §§ 2593–2605), or under quo warranto articles of the Code Prac. arts. 867, 869,

it cannot be brought against a person clothed with apparent title to office evidenced by election and commission of the Governor, by a party not a claimant for the office, and having no interest not common to all other citizens.

Appeal from Sixteenth Judicial District Court, Parish of St. Mary; James D. Simon, Judge.

Suit by C. A. Blanchard against M. E. Norman and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Emmet Alpha, of New Orleans, for appellant.

Brumby & Bauer, of Franklin, and Charles L. Wise and W. T. Gilmore, both of Morgan City, for appellees.

THOMPSON, J. The defendant Norman is mayor, and the other five defendants are councilmen of Morgan City, a municipality whose population is alleged to exceed 5,000.

The said mayor and councilmen were elected at an election held on January 3, 1927, for a term of four years, the said election being held under the provisions of the charter of said municipality, being Act 7 of 1876.

The defendants were all commissioned by the Governor, qualified by taking the prescribed oath of office, and were in the active discharge of the duties of their office when this suit was filed.

The suit is brought by an elector of said municipality, and has for its object the annulment of the election and of the commissions issued by the Governor, on the grounds: (1) That the said officers were not nominated at a primary election as required by law; (2) that the election was held under the supervision of the mayor and two councilmen, and the returns promulgated by them and not by the board of supervisors of election as the law requires; and (3) that the said election could only be held on the Tuesday after the second Monday in June of the election year.

The defendants all filed an exception of no right and no cause of action and answered under reservation of said exception. The case was tried on the merits and evidence heard, after which the court overruled the exception of no right of action, but maintained that of no cause of action and dismissed the suit.

In this court the defendants have asked that the judgment be amended and the exception of no right of action be sustained.

The exceptions put directly at issue the right of a party who does not lay any claim to the office himself and having no other interest than such as pertains in common to all of the electors of a municipality, to sue to annul an election and to oust from office the mayor and councilmen who have been elected, commissioned by the Governor, and qualified as officers of such municipality.

[1] The suit is admittedly not brought under the Intrusion into Office Act as embodied in the Revised Statutes of 1870, §§ 2593 to 2605, inclusive, for a suit under that statute must be brought in the name of the state by the Attorney General or by a district attorney. Guillotte v. Poincy, 41 La. Ann. 333, 6 So. 507, 5 L. R. A. 403, and authorities there cited.

It is the contention of plaintiff that the right of action is given to him as a citizen and an elector of the municipality under the several articles of the Code of Practice of 1870 relating to the writ or mandate of quo warranto. The articles are as follows:

Article 867 defines quo warranto to be an order rendered in the name of the state by a competent court and directed to a person who claims or usurps an office in a corporation, inquiring by what authority he claims or holds such office.

Article 868 declares that this mandate is only issued for the decision of disputes between parties in relation to the offices in corporations as when a person usurps the character of mayor of a city and such like. The second paragraph of this article provides that:

With regard to offices of a public nature—that is, which are conferred in the name of the state by the Governor, with or without the consent of the Senate, or by election—the usurpations of them are prevented and punished in the manner directed by special laws.

Article 869 declares that a mandate to prevent the usurpation of an office in any city or other corporation may be obtained by any person applying for it.

The several articles referred to are an exact reproduction of the corresponding articles of the Code of 1825, except that in the second paragraph of article 868 the words "Penal Code" were omitted and the words "special laws" were substituted, and after the word "Senate," were added the words, "or by election."

There would be little difficulty in determining the question presented were it not for the very manifest conflict between the articles of the Code and the Intrusion into Office Act as interpreted by this court and the apparent conflict in the articles of the Code themselves.

As we have already observed with regard to the Intrusion into Office Act, no party has a right under that act to sue in his own name to oust a disturber or usurper of any public office, even though he claims himself the right to such office.

On the other hand, the articles of the Code seem to authorize any person to obtain a mandate of quo warranto against any person who usurps an office in any city or other corporation, such as a mayor of a city and such like, with the qualification that as to offices of a public nature—that is to say, such offices as are conferred in the name of the state by the Governor, with or without

the consent of the Senate, or by election— the usurpations of them are prevented and punished in the manner directed by the special laws.

At the time of the adoption of the Code of 1870, the only special law which had for its object the prevention of the usurpation of an office of a public nature was the Intrusion into Office Act.

The application of this special law has never been, so far as we know, restricted to offices conferred by the Governor and those conferred by an election of the people. Many cases may be found, and we shall not take the time to cite them, where such a proceeding has been applied to officers not so appointed or elected, such as parish superintendants of education and others.

Nor has it ever been held, so far as we are informed that the office of mayor or councilman was not an office of a public nature, conferred in the name of the state by the Governor or by an election by the people.

Such officers under the charter can only be elected (except perhaps to fill vacancies) by the voters of the municipality, and they are commissioned in the name of the state by the Governor.

If we were to hold that any person could sue to oust a mayor or councilman under the articles of the Code relied on, then it would necessarily follow that such officers are not of a public nature with title conferred by the Governor or by election within the meaning of the second paragraph of article 868, Code of Practice.

On the other hand, if we were to hold that the mayor and councilmen of Morgan City hold their offices by virtue of an election which was confirmed in the name of the state by the commission issued by the Governor, then it follows that a suit to oust them cannot be brought by a party who lays no claim to the office, but must be brought in the manner provided by the special law referred to in article 868, Code of Practice.

We do not find it necessary to attempt to explain or to reconcile the apparent conflict in the articles of the Code, nor to review the prior conflicting jurisprudence of this court on the subject.

[2] It is sufficient for the purpose of the instant case to say that we regard the question as now settled that, whether the proceeding is brought under the Intrusion into Office Act or under the quo warranto articles of the Code of Practice, such a suit cannot be brought against a person clothed with apparent title to the office evidenced by an election and commission of the Governor, by a party not a claimant for the office, and having no interest or concern in such office further than that which is common to all other citizens.

In the case of Osgood v. Black, 33 La. Ann. 493, this court said:

"In the first place, the plaintiff has no standing in court, solitary and alone as he is, to inquire into the rights and pretentions of the defendants, whom he formally charges with usurpation of, and intrusion into, a public office."

In State ex rel. Denis v. Mayor, 43 La. Ann. 96, 8 So. 895, the court said:

"These intrusion into office statutes furnish an only and exclusive mode of removing an intruder from 'any public office or franchise in this state'; and it is in this mode alone that a disputed title to a 'public office or franchise' can be tested."

In State v. Goff, 135 La. 345, 65 So. 481, the court said:

"That act (intrusion [Act No. 156 of 1868]) requires in sections 1 and 4 that, in a proceeding brought by one other than the Attorney General or district attorney, against a party who usurps, intrudes into, or unlawfully holds or exercises any public office or franchise within this state, he must be a 'person interested.'

"Relator is not interested in the office held by respondent. The office to which relator was

appointed to, and in which he was interested, has been abolished. He therefore has no right or cause of action."

In the above case the court noted the Saunders v. Kohnke Case, 109 La. 838, 33 So. 793, relied on by plaintiff herein, and said that the case was a proceeding against members of a corporation under the articles of the Code of Practice and not under the Intrusion into Office Act. "It was not a suit against one upon whom an office had been 'conferred in the name of the state by the Governor, with or without the consent of the Senate, or by election.'"

In the late case of Thomas v. Doughty, 163 La. 213, 111 So. 681, certain residents and taxpayers sought to have the appointment of a member of the school board annulled, and this court, on application for writs of certiorari and prohibition, said:

"And we have repeatedly held that one not himself a claimant for an office, and having no concern in such office other than that which is common to all other citizens, has no interest or capacity to maintain an action to oust from that office one clothed with apparent title thereto, or right whatever to interfere with him in any way."

The ruling in the cases cited is controlling here. The mayor and councilmen were elected by the voters of the city at an election called in conformity with the city charter and on the day fixed in the charter.

They were commissioned by the Governor and qualified by taking the oath. They were therefore holding a public office by an election by the people, confirmed by the Governor's commission.

They cannot be ousted at the suit of the plaintiff who does not claim the office, and whose only interest is that he is a citizen and an elector of the municipality.

The judgment which dismissed the suit as disclosing no cause of action is affirmed.